**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IBRAHIMA SYLLA,

          Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 10-71175

Agency No. A029-839-828

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2011[**]
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

Ibrahima Sylla petitions for review of the Board of Immigration Appeals'

dismissal of his appeal from an order of removal. We deny the petition for review.

To prevail on a due process claim, Sylla must demonstrate that the

administrative proceeding was "so fundamentally unfair that [he] was prevented

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from reasonably presenting his case" and that the alleged violation prejudiced his case. *Colemenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986)). Prejudice occurs when "the outcome of the proceeding may have been affected by the alleged violation." *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003).

In the September 15, 2008 order, the Immigration Judge referenced Sylla's "pattern of non-cooperation" and "pattern of delay for the sake of delay" as well as Sylla's "lack of candor" in alleging a false marriage on his original visa application. The IJ's expressions of exasperation did not rise to the level of bias. In *Liteky v. United States*, 510 U.S. 540, 555–56 (1994), the Supreme Court explained that "expressions of impatience, dissatisfaction, annoyance, and even anger" cannot independently establish bias.

Furthermore, Sylla does not argue that the IJ's alleged bias affected the outcome of his case and we cannot "manufacture arguments for [him]." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)). Because Sylla did not establish that he was prejudiced by the actions of the IJ, including the rescheduling of the hearing, his due process argument fails.

2

To qualify for cancellation of removal under § 240A(b)(2)(A) of the Immigration and Nationality Act, Sylla must prove that he was battered or subjected to "extreme cruelty" by a spouse or parent. In *Hernandez v. Ashcroft*, 345 F.3d 824, 839 (9th Cir. 2003), we held that "extreme cruelty" encompasses the "nonphysical aspects of domestic violence." The BIA did not err in noting Sylla's gender, size, and strength because those attributes were relevant to any claim that Sylla was a victim of physical abuse. Although the IJ and the BIA highlighted these attributes, they additionally considered Sylla's claim that he was the victim of nonphysical spousal abuse. The agency rejected this claim on the merits, and the conclusion was supported by substantial evidence. "[E]very insult or unhealthy interaction in a relationship does not rise to the level of domestic violence." *Id.* at 840. Although a large, strong man can be the victim of "extreme cruelty," the abuse that Sylla alleged did not rise to that level.

**PETITION DENIED.**